325 F.2d 664
 John J. GINGER, Aurelia Ginger and George L. Ginger, Plaintiffs-Appellants,
v.
GUARDIAN STEEL CORPORATION, a Michigan Corporation, the Detroit Trust Company, also known as the Detroit Bank and Trust Company, a Michigan Banking Corporation, Receiver, Joseph S. Radom and Allan B. Schmier, Jointly and Individually as to each of them, Defendants-Appellees.
 No. 15202.
 United States Court of Appeals Sixth Circuit.
 December 20, 1963.
 
 1
 George L. Ginger, Detroit, Mich., for appellants, Henry W. Harmon, Detroit, Mich., of counsel.
 
 
 2
 Allan B. Schmier, in pro per.
 
 
 3
 Wolfgang Hoppe, Detroit, Mich., for Detroit Bank & Trust Co., Miller, Canfield, Paddock & Stone, Detroit, Mich., on brief.
 
 
 4
 Norman W. Stern, in pro per., Lester S. Smith, Detroit, Mich., on brief.
 
 
 5
 Before MILLER and WEICK, Circuit Judges, and DARR, Senior District Judge.
 
 ORDER.
 
 6
 We have heretofore held that the orders entered by the bankruptcy court could not be collaterally attacked. 296 F.2d 107 (CA 6). The complaint nevertheless attempts, for a second time, to collaterally attack orders entered by the bankruptcy court. General allegations of fraud and deceit were made, but not supported by evidence although the District Court gave plaintiffs ample opportunity to supply it.
 
 
 7
 The complaint further sought to recover damages for malicious prosecution of the bankruptcy proceeding and for fraud and deceit of defendants in connection therewith. These allegations were not supported by evidence.
 
 
 8
 The plaintiffs sued as stockholders, officers, directors and creditors of Ginger Machine Products Corporation, a Michigan corporation which later was adjudicated bankrupt in a different proceeding from the one under attack here. All of the plaintiffs and defendants in the present case were residents of Michigan except the plaintiff, John J. Ginger.
 
 
 9
 We are of the opinion that the District Court was correct in granting defendants' motion for summary judgment as there was no genuine issue of fact.
 
 
 10
 In addition to the reasons given by the District Court, jurisdiction was lacking in the tort action for damages because there was no diversity of citizenship. The plaintiffs were attempting to assert a cause of action title to which was in the bankrupt corporation and not in them. The bankruptcy proceeding was closed on March 12, 1959 and the present action was not brought within the time required by law. M.S.A. § 27.605, Comp.Laws 1948, § 609.13.
 
 
 11
 The judgment of the District Court is affirmed.