George L. **GINGER**, Plaintiff-Appellant,

v.

Avern L. **COHN**, Trustee, Defendant-Appellee.

No. 19954.

United States Court of Appeals, Sixth Circuit.

June 1, 1970.

As Amended July 6, 1970.

George L. Ginger, in pro. per.

Allan B. Schmier, Detroit, Mich., Schmier & Schmier, Detroit, Mich., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and COMBS and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

This is a protracted bankruptcy proceeding which began with the filing of an involuntary petition on January 5, 1954. The bankrupt is Ginger Machine Products Corporation, a Michigan corporation, of which George L. Ginger and Aurelia Ginger were officers and principal stockholders. There were two proceedings in the District Court involving this corporation, Nos. 33,703 and 35,521.

On May 29, 1964, the Circuit Court of Wayne County, Michigan, revoked and cancelled Mr. Ginger's license to practice law. Thereafter the United States District Court for the Eastern District

of Michigan entered an order striking Mr. Ginger's name from the roll of attorneys admitted to practice before that court. This court affirmed. In Matter of Disbarment Proceedings of Ginger, 372 F.2d 620 (6th Cir.); Ginger v. Circuit Court for County of Wayne et al., 372 F.2d 621 (6th Cir.), cert. denied, 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998. Prior to his disbarment Mr. Ginger had served as general counsel to the bankrupt corporation and represented it in the bankruptcy proceedings.

In the opinion and order of the Referee in Bankruptcy entered January 25, 1968, the Referee allowed Mr. Ginger an attorney's fee of $2,500 for services rendered by him in the bankruptcy proceedings prior to May 29, 1964, the date of his disbarment. On petition for review, Chief Judge Ralph M. Freeman affirmed the decree and order of the referee. Mr. Ginger, appearing *pro se*, appeals from the order of the District Court, undertaking to raise numerous questions on behalf of his former client, the bankrupt corporation. He also contends that the attorney's fee of $2,500 is grossly inadequate and unreasonable. He asserts that over a period of more than 18 years he has devoted in excess of 3,000 hours in the two involuntary bankruptcy proceedings involving the corporation and that he is entitled to a fee of $88,000.

■ On appeal Mr. Ginger was permitted to make oral argument *pro se* only with respect to the issue affecting him personally, i. e., the reasonableness of the attorney's fee allowed to him by the referee and affirmed by the District Court. He was not permitted to make oral argument on behalf of the corporation, which as a disbarred attorney he no longer is permitted to represent. Nor can he represent it in his capacity as an officer of the bankrupt corporation. An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation. Annotation, 157 A.L.R. 284. As said by Judge Parker in Acme Poultry Corp. v. United States, 146 F.2d 738, 740 (4th Cir.),

cert. denied, 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417: "The handling of the case in court for the corporation is a matter for its counsel, not for its officers."

■■ In fixing the fees of the receiver, trustee and attorneys, including the fee of Mr. Ginger for services rendered as attorney for the bankrupt prior to his disbarment, the Referee said:

"All that remains is the determination of fees. In this regard we have read the petitions for compensation and examined the file for the express purpose of evaluating the services rendered. While we are impressed with the time consumed and the effort expended by those rendering the services, in retrospection, however, we cannot avoid concluding that some of the time and effort was wasteful, particularly on the part of the Attorney for the Bankrupt."

Mr. Ginger claims that he should be compensated for legal services rendered by him in three appeals to this Court. As heretofore stated, there were two proceedings in the District Court, Nos. 33,703 and 35,521. On March 12, 1959, the referee in bankruptcy, after a show cause hearing, ordered case No. 33,703 closed. Mr. Ginger and others filed a petition for review and the decision of the referee was affirmed by District Judge Frederick W. Kaess on September 29, 1960. This Court affirmed, speaking through a panel composed of the late Chief Judge Shackelford Miller, Jr. and Judges Weick and O'Sullivan, on December 4, 1961. Ginger Machine Products Corp. v. Detroit Trust Co., 296 F.2d 107 (6th Cir.). On a previous appeal by Mr. Ginger in case No. 33,703 this Court affirmed the judgment of the District Court, speaking through a panel composed of Judges John D. Martin, Shackelford Miller, Jr. and Potter Stewart, now an Associate Justice of the Supreme Court of the United States. Ginger v. Cohn, Trustee, 255 F.2d 99 (6th Cir.). In a third appeal, involving case No. 35,521, a second collateral attack was made upon orders entered by the

bankruptcy court in case No. 33,703. The judgment of the District Court denying relief in that case was affirmed by this Court, speaking through a panel composed of Judges Miller and Weick and the late Judge Leslie L. Darr, sitting by designation. Ginger v. Guardian Steel Corp., 325 F.2d 664 (6th Cir.).

Thus, only one of the appeals to this Court was made by Mr. Ginger in case No. 33,521. Two earlier cases for which he now claims compensation originated in case No. 33,703, which is not now subject to collateral attack in a later proceeding, as held in Ginger v. Guardian Steel Corp., *supra,* 325 F.2d 664.

The brief of the trustee asserts that the attorney's fee of $88,000 claimed by Mr. Ginger is far in excess of the funds available to the bankruptcy estate.

It is well settled that when there are concurrent findings of fact by the referee and the District Judge in a bankruptcy proceeding the findings will not be set aside on appeal on anything less than demonstration of a plain mistake. Ray v. Maguire, Trustee, 339 F.2d 175, 178 (6th Cir.).

Although the record supports Mr. Ginger's contention that he devoted many hours and much effort to this proceeding, we cannot say that the referee was in error in his conclusion that some of this time and effort was wasteful. We find no error in the allowance of an attorney's fee of $2,500 to Mr. Ginger for services rendered by him prior to the time of disbarment.

Numerous other questions are raised by Mr. Ginger on appeal. One question is whether the District Court erred in affirming the holding of the referee that there was substantial compliance with the order to produce certain documents. Another question concerns the compensation allowed the trustee and his counsel. Another issue is the action of the District Court in dismissing a petition to show cause.

As hereinabove stated, Mr. Ginger had no standing to continue to represent the bankrupt corporation after his disbarment. The record shows that the referee granted an adjournment to afford Mr. Ginger an opportunity to employ counsel but that he failed to do so. The certificate of the referee in bankruptcy on the petition to review contains the following recitation:

"Upon entry of Judge Roth's order of January 12, 1966 your Referee realized that George L. Ginger had no standing before the Court because he had been disbarred as an attorney and could not proceed in pro per because his claim had been denied. It appeared nevertheless, that I should make every effort to ascertain whether the allegations of misfeasance and malfeasance contained in his objections to the trustee's final account (general paper 159), notice to produce of April 24, 1964 (general paper 162½), and order to show cause of July 6, 1965 (general paper 165), were meritorious. Accordingly, on January 12, 1966, I entered an order requiring the trustee and his attorney to produce certain documents. (See general paper 173). Hearings were held thereon on February 28 and March 18, 1966.

"The case was then adjourned to afford George L. Ginger an opportunity to employ counsel.

"Finally, on July 19, 1967, after more than a year had elapsed and no progress had been made the trustee, his attorney and George L. Ginger were ordered before your Referee to explain the inaction. (See general paper 175). On August 30, 1967 a hearing was held, (see transcript of Wednesday, August 30, 1967), at which time it appeared that the trustee had furnished all or substantially all of the information required by my Order to produce of January 12, 1966 (general paper 173). Nevertheless, the United States Attorney was requested to examine the matter and take such action as he deemed necessary. Accordingly, on September 27, 1967 the United States Attorney informed me that in his opinion Mr. Ginger's allegations were without merit. (See letter from

the United States Attorney under date of December 27, 1967 attached hereto.) Notwithstanding this recommendation I judicially examined into the matter giving particular attention to Mr. Ginger's allegations that the trustee had failed to account for certain missing steel and had failed to properly dispose of a certain leasehold interest belonging to the estate in case No. 35521."

The certificate of the referee included the closed file in case No. 33,703 as well as the file in case No. 35,421, a total of 38 documents.

It appears that both the referee and District Court considered on their merits all the contentions made by Mr. Ginger on behalf of the bankrupt corporation, even though he had no standing as a disbarred attorney to represent the corporation.

District Judge Ralph M. Freeman held that:

(1) The petition to review the referee's final order and opinion is without merit and "attempts collaterally to attack orders heretofore entered by the Referees in Bankruptcy for the Judicial District, orders of the Judges of the United States District Court for the Eastern District of Michigan, Southern Division, and further, orders of the United States Court of Appeals for the Sixth Circuit;"

(2) That the matters contained in the "petition for Order to Show Cause" seeking contempt citations against the trustee and his attorneys is without merit, in that the matters complained of therein have been adjudicated previously;

(3) That no material error was contained in the final order of the referee directing the closing of the proceedings; and

(4) That the order and opinion of the referee be affirmed and that the cause be closed in accordance with the terms and conditions of the order of the referee.

We find the appeal to be without merit.

Affirmed.