876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry A. SAWYER; Jerry Sawyer Enterprises, Inc.,
v.
Don KING; Don King Productions, Inc.; Monarch Boxing,
Inc., Jointly and Severally, Defendants-Appellees.
 No. 88-1033.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1989.
 
 Before BOYCE F. MARTIN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Jerry A. Sawyer, pro se, and Jerry Sawyer Enterprises, Inc. appeal from the district court's November 30, 1987 grant of summary judgment in favor of appellees Don King, Don King Productions, Inc., and Monarch Boxing, Inc. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 On May 7, 1984, Jerry A. Sawyer and Jerry Sawyer Enterprises, Inc., through counsel, filed a verified complaint against Don King, Don King Productions, Inc. and Monarch Boxing, Inc. in the United States District Court for the Eastern District of Michigan. Thereafter, on October 12, 1984, appellants filed a first amended complaint, which is not verified. The multi-count complaint alleges tortious interference with contracts, civil RICO violations, intentional infliction of emotional distress, and antitrust law violations. The allegations relate to Sawyer's representation of heavyweight boxer Leon Spinks.
 
 
 3
 Appellees filed a motion to dismiss, and the district court conducted a hearing on that motion on December 12, 1984. Following the hearing, the district court granted appellees' motion to dismiss three counts which allege violations of antitrust laws. On December 20, 1984, the district court accordingly filed an order granting in part and denying in part appellees' motion to dismiss.
 
 
 4
 On December 5, 1986, appellees filed a motion for summary judgment on the remaining counts in appellants' amended complaint, and the district court conducted a hearing on that motion on May 27, 1987. On November 30, 1987, the district court granted judgment for appellees and filed an order and memorandum opinion which held accordingly.
 
 
 5
 Appellants, without counsel, filed this timely appeal on December 30, 1987.
 
 II.
 
 6
 Initially, we note that Sawyer filed notice of appeal in this case on behalf of both himself, pro se, and Jerry Sawyer Enterprises, Inc. Sawyer, who although a law school graduate is not and never has been a licensed attorney, is prohibited from representing his corporation in this court. See Ginger v. Cohn, 426 F.2d 1385, 1386 (6th Cir.1970). Sawyer, however, makes no distinction in his brief between arguments made on his own behalf and those made on behalf of Jerry Sawyer Enterprises, Inc. Therefore, we will consider all arguments as they relate to Sawyer personally, but disregard them as they relate to the corporation. The district court's judgment is affirmed insofar as it relates to Jerry Sawyer Enterprises, Inc.
 
 III.
 
 7
 The general standard an appellate court applies in reviewing a grant of summary judgment is the same as the district court employs originally under Federal Rule of Civil Procedure 56(c). Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 2716 (1983). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the District Court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." Gutierrez, 826 F.2d at 1536.
 
 
 8
 Appellant Sawyer makes several arguments on appeal. Each argument is wholly without merit. Accordingly, we affirm the district court's judgment insofar as it relates to Sawyer.
 
 
 9
 First, Sawyer argues that appellee Don King committed six acts of extortion from appellant over a two-year period commencing in February of 1980. Appellant, however, does not support his argument in any way in his appellate brief. Moreover, appellant testified below that he was able to persuade King, the alleged extortioner, to continue to promote Leon Spinks although appellant failed to comply with King's alleged demands.
 
 
 10
 Second, Sawyer argues that the district court failed to cite any Michigan statute which precludes one from acting as both a fight promoter and a manager. However, appellant himself testified that he gave up his rights under the management contract when he signed the promotional contract with Spinks. He further stated that it was obviously unethical and a conflict of interest to act as both a fight promoter and a manager simultaneously.
 
 
 11
 Third, Sawyer argues that he suffered intentional infliction of emotional distress. However, appellant cites to no conduct of appellee which can be considered outrageous. See Restatement (Second) of Torts Sec. 46.
 
 
 12
 Fourth, Sawyer argues that the district court incorrectly made findings of disputed facts. However, each of these findings was either immaterial to the district court's judgment (e.g., where appellant was employed when he met King), or was not really in dispute (e.g., whether appellant gave up his management contract when he signed the promotional agreement with Spinks).
 
 
 13
 Any remaining arguments are also wholly without merit.
 
 
 14
 For the foregoing reasons, the district court's judgment is AFFIRMED in all respects.