999 F.2d 540
 144 L.R.R.M. (BNA) 2056
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MAYS CORPORATION d/b/a Tri-County Commercial Laundry, Respondent.
 No. 93-5680.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 Before MILBURN and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 
 1
 The National Labor Relations Board (the "Board") petitions this court for summary enforcement of its decision and order of December 7, 1992, in Cases Nos. 9-CA-29385 and 9-CA-29438 wherein it found the respondent violated federal labor law and directed the respondent to take certain remedial measures. Within the time to file an answer to the petition, see Rule 15(b), Fed.R.App.P., the respondent's owner sent to this court a photocopy of a letter he had written to the Board. Therein, he stated he had complied with the Board's decision and order and had plans to close the respondent's business operations on July 1, 1993.
 
 
 2
 We conclude the letter written by the respondent's owner is not a proper answer to the petition for enforcement. First, it was directed to the Board--only a photocopy was sent to this court. Second, a corporation (such as the respondent) may not appear before this court except through legal counsel. Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir.1984). It is not sufficient that the person attempting such an appearance is an officer of the corporation. Ginger v. Cohn, 426 F.2d 1385, 1386 (6th Cir.1970); United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir.1969) (per curiam). Third, the letter does not contain any viable defenses to enforcement. See, e.g., NLRB v. Globe-Warnicke Systems Co., 336 F.2d 589, 590 (6th Cir.1964) (order) (compliance with Board's decision and order is no defense to entry of order of enforcement); NLRB v. Electric Steam Radiator Corp., 321 F.2d 733, 738 (6th Cir.1963) (cessation of business does not prevent enforcement of Board's decision and order).
 
 
 3
 It therefore is ORDERED that the Board's petition for summary enforcement is granted. The respondent, Mays Corporation d/b/a Tri-County Commercial Laundry, of Louisa, Kentucky, its officers, agents, successors and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Providing false information regarding any former employee because of the employee's intent to file unfair labor practice charges with the Board and because of the employee's grievance-filing activities.
 
 
 5
 (b) Failing and refusing to bargain in good faith with the Union as the exclusive collective-bargaining representative of its unit employees by repudiating its collective-bargaining agreement with the Union.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Bargain in good faith with the Union as the representative of its employees in the following appropriate bargaining unit:
 
 
 9
 All full and part-time employees employed by Respondent at its Louisa, Kentucky facility, excluding all confidential employees, office clerical employees, guards and supervisors as defined in the Act.
 
 
 10
 (b) Honor all the terms and conditions of employment of the collective-bargaining agreement.
 
 
 11
 (c) Make its employees whole, with interest, for any losses attributable to its failure to honor the provisions of the collective-bargaining agreement, as provided by the remedy section of the Board's decision.
 
 
 12
 (d) Post at its facility in Louisa, Kentucky, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 13
 (e) Preserve and, on request, make available to the Baord or its agents for examination and copying, all payroll records, social security payments records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 14
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 16
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT provide false information regarding any former employee because of the employee's intent to file unfair labor practice charges with the Board and because of the employee's grievance-filing activities.
 
 
 19
 WE WILL NOT fail and refuse to bargain in good faith with District 1199, the Health Care and Social Service Union, Service Employees International Union, AFL-CIO, the exclusive representative of our employees in the following unit, by failing and refusing to honor the terms and conditions of employment set forth in our contract with the Union. The unit is:
 
 
 20
 All full and part-time employees employed by Respondent at its Louisa, Kentucky facility, excluding all confidential employees, office clerical employees, guards and supervisors as defined in the Act.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL honor our collective-bargaining agreement with the Union and make our employees whole for losses, if any, which they have suffered as a result of our refusal to honor the agreement.
 
 MAYS CORPORATION d/b/a TRI-COUNTY
 COMMERCIAL LAUNDRY
 
 23
 /s/ (Employer)
 
 Dated __________
 By __________ (Representative) (Title)
 
 24
 This is an official notice and must not be defaced by anyone.
 
 
 25
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 550 Main Street, Room 3003, Cincinnati, Ohio 45202-3271, Telephone 513-684-3663.