NATIONAL ASSOCIATION OF CREDIT
MANAGEMENT, Plaintiff,

v.

HUBBARD LUMBER, INC., Defendant.

No. 1:93–CV–404.

United States District Court,
W.D. Michigan, S.D.

Sept. 16, 1993.

 

Marjorie L. Kolin, Michael H. Traison, Miller, Canfield, Paddock & Stone, Detroit, MI, for plaintiff.

Glenn Joshua Schwartz, Fleck, Mostov & Schwartz, Youngstown, OH, for defendant.

## OPINION

QUIST, District Judge.

This is a suit for payment by National Association of Credit Managers, on behalf of Central Builders Supplies Company (CBS), against Hubbard Lumber, Inc., an Ohio lumber yard. Defendant first filed a motion for change of venue, but the thrust of his argument was that this Court has no personal jurisdiction. At the Rule 16 conference, the parties were directed to brief the issue of personal jurisdiction and defendant subsequently moved to dismiss for lack of personal jurisdiction.

Plaintiff claims that this Court has jurisdiction over defendant under Michigan's long-arm statute, M.C.L.A. § 600.715(1), which provides for limited personal jurisdiction over a defendant who transacts "any business" within Michigan. In support, plaintiff asserts the following facts:

1. CBS is located in Sturgis, Michigan.

2. Defendant is a member shareholder of CBS, and has been since 1984.

3. Defendant has repeatedly transacted business with CBS by making telephone calls to Sturgis, Michigan.

4. Defendant was invoiced for building materials by CBS.

5. Defendant paid CBS invoices by mailing checks to CBS in Sturgis, Michigan.

6. The instant claim involves payments due on CBS invoices.

In response, defendant does not deny any of these facts. In defendant's Memorandum in Support of Motion to Dismiss, it admits that it is a member shareholder of CBS but asserts that it has only had contact with CBS by telephone. On this basis, defendant argues that the minimum contacts requirement cannot be met and that the exercise of jurisdiction would be unreasonable.

## DISCUSSION

### Procedure

The plaintiff bears the burden of establishing jurisdiction. *Third National Bank in Nashville v. WEDGE Group, Inc.,*

882 F.2d 1087, 1089 (6th Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990). The procedure for deciding a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2) in the Sixth Circuit is set forth in *Serras v. First Tennessee Bank National Association,* 875 F.2d 1212, 1214 (6th Cir.1989). The court may determine the motion on the basis of the submitted affidavits alone, it may permit discovery in aid of the motion, or it may conduct an evidentiary hearing, either pretrial or during trial, on the merits of the motion. *Id.,* quoting *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2nd Cir. 1981). If the written submissions raise disputed issues of fact or require determinations of credibility, the court may order a hearing. The plaintiff then must prove that jurisdiction exists by the same standard that would apply if the matter were deferred to trial: the preponderance of the evidence. *Serras,* 875 F.2d at 1214, citing *Welsh v. Gibbs,* 631 F.2d 436, 439 (6th Cir.1980), *cert. denied,* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). "If the court rules on written submissions alone, it must 'consider the pleadings and affidavits in the light most favorable to the plaintiff.'" *Id.,* quoting *Welsh,* 631 F.2d at 436. Plaintiff "may not rest on his or her pleadings to answer affidavits submitted by the movant, but must set forth, 'by affidavit or otherwise[,] . . . specific facts showing that the court has jurisdiction.'" *Serras,* 875 F.2d at 1214 (citation omitted). Plaintiff's burden, however, is merely that of making a *prima facie* showing that personal jurisdiction exists. *Id.* If plaintiff meets that burden the motion to dismiss should be denied, "notwithstanding any controverting presentation by the moving party." *Id.,* quoting *Marine Midland Bank,* 664 F.2d at 904.

### Applicable Law

[5] In a diversity action, the issue of whether a federal court has personal jurisdiction over a defendant is determined by applying the law of the state in which the court sits. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In addition, the court must consider whether constitutional due process permits personal jurisdiction. *Theunissen v. Matthews,* 935 F.2d 1454, 1459 (6th Cir.1991).

### *Limited Jurisdiction Statute*

Michigan's long-arm statute on personal jurisdiction over corporations provides that limited or "specific" jurisdiction may be exercised where a specified relationship exists between a corporation and the forum. M.C.L.A. 600.715, provides:

> Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

■ Plaintiff bases its argument on the first of the relationships that may give rise to limited personal jurisdiction pursuant to M.C.L.A. 600.715, "the transaction of any business within the state." The Sixth Circuit analyzed this provision and held that "if defendant conducted even the slightest act of business in Michigan, the first statutory criteria for personal jurisdiction under section 600.715(1) is satisfied." *Lanier v. American Board of Endodontics,* 843 F.2d 901, 906 (6th Cir.1988), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988) (citing *Sifers v. Horen,* 385 Mich. 195, 199 n. 2, 188 N.W.2d 623 (1971)). In *Lanier,* plaintiff, a Michigan resident, sought certification from

defendant, the American Board of Endodon-. tics, which was headquartered in Chicago, Illinois. Plaintiff approached defendant, which sent an application to Michigan and communicated with plaintiff by telephone and mail to schedule an examination and advise about status. In the instant case, defendant became a member shareholder of CBS and, in that capacity, obtained the materials that were invoiced by and payable to CBS. As in *Lanier,* these contacts satisfy the requirement that defendants transact at least the slightest act of business in Michigan.

Defendant does not specifically address the criteria for jurisdiction under M.C.L.A. 600.-715(1). Instead, it maintains that there is no basis for personal jurisdiction because the only business activities it has conducted that have any connection with Michigan are so minimal that it would be unfair and unreasonable for this Court to exercise personal jurisdiction over defendant for purposes of this dispute.

### Constitutional Requirements

■ The Supreme Court stated the basic constitutional requirement for personal jurisdiction in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) as follows:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' (Citation omitted.)

One way to measure fairness is to consider whether defendant's conduct is such that he or she "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 296, 100 S.Ct. 559, 566–67, 62 L.Ed.2d 490 (1980).

■ To determine whether due process permits personal jurisdiction over a non-resident who is not generally engaged in activities within the forum state, the court must consider three criteria:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.
>
> Second, the cause of action must arise from the defendant's activities there.
>
> Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum jurisdiction to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen,* 935 F.2d at 1460.

When the three criteria for assessing the constitutionality of limited personal jurisdiction are applied to this case, it is clear that the constitutional requirements for personal jurisdiction are met.

#### (1) *Purposely Avail of Privilege of Acting in the Forum.*

The *Lanier* court explained that a defendant must have " 'purposefully directed' his activity at residents in the forum" to meet the "fair warning" requirement. 843 F.2d at 910. The court noted:

> By "purposefully availing" itself of opportunities in the forum, such as by purposefully directing itself to forum residents, a defendant opens itself up to that forum's jurisdiction. "[W]here the defendant 'deliberately' has engaged in *significant activities* within a State ... *or* has created '*continuing obligations,* ' between himself and residents of the forum ... he manifestly has availed himself ... and ... it is presumptively not unreasonable to require him to submit to ... litigation in that forum...."

*Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, at 475–76, 105 S.Ct. 2174, at 2184, 85 L.Ed.2d 528 (1985) (emphasis added in *Lanier* ).

By becoming a member shareholder of CBS and doing business by telephone and correspondence in the state that relates to invoices now at issue, defendant has purposely availed itself of the privilege of acting in this forum. This is not a case in which defendant's only connection with the state was caused by plaintiff contacting it from Michigan or bringing its goods into this state. Instead, defendant originated and maintained

the contact with the forum by becoming a member shareholder and ordering materials as a member shareholder of CBS, a Michigan-based corporation. The constitutional requirements of minimum contacts and purposeful availment are both satisfied because the contacts proximately resulted from the actions of the defendant itself. *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2184.

(2) *Action "Arising From" Activity in the Forum.*

In *Lanier,* the Sixth Circuit also examined what is required to find that an action "arise from" defendant's contacts with the forum, and concluded that the "arising out of" requirement of the long-arm statute was satisfied if the cause of action was "made possible by" or "lies in the wake of" the defendant's state contacts. 843 F.2d at 909. "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that [contact]." *Southern Machine Company v. Mohasco Industries,* 401 F.2d 374, 384, n. 29 (6th Cir.1968).

In this instance, defendant does not dispute that the claimed payments are amounts it allegedly owes CBS for materials it ordered as a member shareholder of CBS. The case therefore is related to and arises from defendants' contacts with the state through CBS.

(3) *Connection Substantial Enough to Make Exercise of Jurisdiction Reasonable.*

 The Sixth Circuit has determined "that an inference of reasonableness arises where the first two criteria are met and that 'only the unusual case will not meet this third criterion.'" *Theunissen,* 935 F.2d at 1461 (quoting *American Greetings Corp. v. Cohn,* 839 F.2d 1164, 1170 (6th Cir.1988)). When a defendant objecting to jurisdiction has purposely availed himself of the privilege of acting in the forum, "he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2185. To determine whether it is reasonable to exercise personal

jurisdiction, the court must "consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief" and "weigh ... 'the interests of the interstate judicial systems interest in obtaining the most efficient resolution of controversies.'" *Asahi Metal Ind. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

### Venue

 Defendant also moved for change of venue. As plaintiff notes, the motion was improper because it was filed pro se through defendant's vice president. It is the rule of the Sixth Circuit that a corporation cannot appear in federal court except through an attorney. *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir.1984). *See also Ginger v. Cohn,* 426 F.2d 1385, 1386 (6th Cir.1970) (corporation must be represented by counsel, not by an officer). The motion was also improper because it was not filed with a memorandum as required by the local rule of this district, which requires that all motions except those made during a hearing or trial be accompanied by a supporting brief. W.D.Mich. Local Rule 27(a).

 In a diversity action, venue is appropriate in "a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(a)(3). The determination that this Court has jurisdiction over defendant thus establishes this district as an appropriate venue.

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss for lack of personal jurisdiction and defendant's motion to change venue are DENIED.