45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert B. REICH, Secretary of Labor, Plaintiff-Appellee,
Cross-Appellant,
v.
William G. PIERCE, Defendant-Appellant, Cross-Appellee.
 Nos. 93-3279, 93-3446.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1994.
 
 Before: CELEBREZZE, KEITH, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, William G. Pierce ("Pierce"), appeals the district court's final judgment finding Pierce's employees were not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") and ordering payment of overtime compensation to 17 employees. For the reasons stated below, we AFFIRM.
 
 I. Facts
 
 2
 Pierce was the founder, owner, and president of Pierce Processing, Inc. ("PPI"), an Ohio engineering consulting firm which advises manufacturing companies concerning the development of new manufacturing processes or packaging concepts. The company did over one million dollars in business annually between 1986 and 1988, and Pierce controlled PPI's operations and pay policy.
 
 
 3
 PPI paid its engineers, design managers, and designers a set annual salary which could be reduced if the employees worked less than a full day. PPI deducted compensation based upon the number of hours an employee was absent from work. The company computed employees' hourly rates by dividing the agreed annual salary by 2080 (40 hours times 52 weeks), and deducted pay for hours not worked from this calculation. Additionally, the firm paid all overtime hours at a straight hourly rate, rather than at a time and a half premium. Based on the above, in June 1988, compliance officer Sara Cazel ("Cazel"), from the Department of Labor's Wage and Hour Division, investigated PPI and concluded the firm had committed overtime violations.
 
 
 4
 On January 10, 1989, the Secretary of Labor ("Secretary") brought this action against PPI and Pierce alleging intentional violations of the overtime and recordkeeping provisions of FLSA and sought a permanent injunction, unpaid overtime compensation owed the defendants' employees, and liquidated damages pursuant to 29 U.S.C. Sec. 201 et seq. PPI and Pierce denied the Secretary's allegations and asserted the action was barred by FLSA's statute of limitations.
 
 
 5
 On October 23, 1991, pursuant to an agreement between the parties, the district court transferred the case to a United States Magistrate Judge, who conducted a trial on February 3, 1992. On March 26, 1992, the magistrate judge concluded the defendants had not violated the recordkeeping provisions of the Act. Additionally, the magistrate determined the employees were exempt from the overtime provisions, but only so long as defendants reimbursed their employees for the deductions from their pay and promised to comply with the Act thereafter.
 
 
 6
 Five months later, the defendants had not met the requirements of the magistrate judge's decision. On November 30, 1992, the magistrate judge gave PPI and Pierce 30 days to reimburse the employees. A month later, the defendants requested an extension for reimbursement until February 1, 1993. On February 9, 1993, recognizing the defendants failed to reimburse their employees and had not promised subsequent compliance with the Act, the magistrate judge determined defendants' employees were not exempt, and ordered Pierce to pay $10,842 in back overtime wages plus interest. The magistrate judge did not grant the Secretary's request for a prospective injunction or liquidated damages. This timely appeal followed.
 
 II. Discussion
 On appeal, Pierce argues:
 
 7
 (1) PPI's employees are not entitled to overtime pay; and
 
 
 8
 (2) the applicability of the "window of correction" in 29 C.F.R. Sec. 541.118(a)(6) is dependant upon his financial status.
 
 
 9
 On cross-appeal, the Secretary argues the magistrate judge improperly failed to grant a permanent injunction prohibiting Pierce from engaging in future violations.
 
 
 10
 We address each of these issues separately below.[1]
 
 
 11
 A. Pierce's Employees Are Hourly Workers Entitled to Premium Overtime Pay
 
 
 12
 FLSA provides that an employer must pay each employee "at a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of 40 hours a week. See 29 U.S.C. Sec. 207(a)(1). Employers are exempt, however, from paying premium overtime rates to employees "employed in a bona fide executive, administrative, or professional capacity ..." 29 U.S.C. Sec. 213(a)(1). An employer need not pay the premium to an employee who qualifies as an exempt bona fide professional paid "on a salary or fee basis." 29 C.F.R. Sec. 541.3(e). An exempt professional is paid on a salary basis if she regularly receives a predetermined amount which is not "subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. Sec. 541.118(a).
 
 
 13
 FLSA only permits deductions from a salaried employee's compensation for absences of a day or more. See 29 C.F.R. Sec. 541.118(a)(2) and (3). Employers are prohibited from deducting an exempt professional's pay for partial day absences, and such deductions are inconsistent with payment on a salary basis. "(A)n employee who can be docked pay for missing a fraction of a workday must be considered an hourly, rather than a salaried, employee." Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 615 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 298 (1992).
 
 Recognizing this law, on appeal, Pierce:
 
 14
 (1) attacks the validity of the regulation prohibiting partial day absences for salaried employees; and
 
 
 15
 (2) contends the magistrate judge improperly interpreted the regulation.
 
 
 16
 First, Pierce argues the prohibition of wage deductions for partial day absences promulgated by the Department of Labor in Sec. 541.118(a) impermissibly conflicts with congressional intent of FLSA. Pierce incorrectly argues subsequent legislation reveals congressional intent providing for compensation of hourly employees only when they perform work and flexible unpaid leave.[2] Subsequent legislation does not dismiss the regulatory exemption for salaried workers and Pierce's argument must fail.
 
 
 17
 Next, Pierce alleges the magistrate judge erroneously interpreted the meaning of the term "day" as used in 29 C.F.R. Sec. 541.118(a)(2). According to Pierce, because a "day" actually means less than a full, eight hour, working day, partial day absences constitute a "day" under the regulations. Thus, he properly docked employees' pay for missing a "day." We summarily reject Pierce's argument and find that for the purposes of 29 C.F.R. Sec. 541.118(a)(2) and (3), a working day constitutes the standard, eight-hour working day.
 
 
 18
 Rejecting the validity of Pierce's arguments, we find Pierce's employees are hourly workers entitled to premium pay and did not fall under the salaried exemption. The engineers, design managers, and designers did not qualify for exempt salaried professional status, because their compensation was subject to reduction because of the variations in the quantity of hours worked. These deductions did not result from absences of a day or more, but rather were for partial days. Because Pierce's employees were docked pay for missing a fraction of a workday, they cannot be considered salaried employees exempt from overtime compensation, but rather hourly workers entitled to overtime pay at one and a half times premium. Here, PPI failed to pay each employee at a premium rate for overtime. This failure violated FLSA.
 
 
 19
 B. The Applicability of the "Window of Correction" in 29 C.F.R. Sec. 541.118(a)(6) is Dependant Upon Pierce's Financial Status
 
 
 20
 Pierce next argues the application of the "window of correction" exception should not turn upon his ability to reimburse docked employees. As noted above, the magistrate judge initially applied the "window of correction," allowing PPI to maintain the salaried, exempt from overtime status of certain employees. The magistrate judge conditioned the application of the "window of correction" upon Pierce's reimbursement of employees for past deductions and Pierce's promise of subsequent compliance. After Pierce's continued failure to reimburse the employees and to promise future compliance with the Act, the magistrate judge concluded PPI's employees were not exempt from the overtime provisions and ordered Pierce to pay overtime compensation for the entire period from January 9, 1987 to December 31, 1988.
 
 
 21
 Pierce claims his financial inability excuses his failure to reimburse the past deductions. Pierce proposes that the "window of correction" maintaining salaried, exempt from overtime status, should be removed only if an employer is financially able to repay deductions but refuses to do so. Pierce argues the magistrate judge erroneously removed the "window of correction" because he was financially unable to repay the deductions. We disagree.
 
 FLSA provides that:
 
 22
 ... where a deduction not permitted by these interpretations is inadvertent ... the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.
 
 
 23
 29 C.F.R. Sec. 541.118(a)(6). The window of correction essentially allows "employers to treat otherwise eligible employees as salaried regardless of the employer's one-time or unintentional failure to adhere to Sec. 541.118(a)'s requirements." Martin, 949 F.2d at 616. Here, pursuant to the window of correction, the magistrate judge did not initially find exemption status had been lost on March 26, 1992. The magistrate judge, however, pursuant to the regulation, conditioned the finding on PPI's reimbursement of employees for deductions and promise of future compliance. Almost one year later, after Pierce had satisfied neither condition, the magistrate judge considered the salaried, overtime exemption status lost and ordered Pierce to pay those employees overtime pay. Contrary to Pierce's claims, the regulation provides for no extension of exempt status due to inability to pay. Even had such a provision existed, Pierce provided no evidence supporting his inability to repay the deductions. We therefore find the magistrate judge correctly removed the "window of correction" and ordered PPI to pay overtime rates.
 
 
 24
 C. The Magistrate Did Not Abuse His Discretion By Refusing to Grant a Permanent Injunction
 
 
 25
 On cross-appeal, the Secretary argues the magistrate judge improperly failed to grant a permanent injunction prohibiting Pierce from engaging in future violations. We disagree.
 
 
 26
 Although courts may enjoin violations of the overtime provisions of FLSA, 29 U.S.C. Sec. 217, the imposition of an injunction under FLSA lies within the discretion of the trial judge. Martin v. Funtime, Inc., 963 F.2d 110, 113 (6th Cir.1992); Wirtz v. Flame Coal Co., 321 F.2d 558, 560 (6th Cir.1963). While we recognize the important purposes of FLSA compliance and PPI's failure to adhere to the magistrate judge's past orders, we cannot find the magistrate judge abused his discretion by not issuing a prospective injunction.
 
 III. Conclusion
 
 27
 For the foregoing reasons, we find the magistrate judge properly determined Pierce's employees were not exempt from the overtime provisions of FLSA and ordered Pierce to pay overtime compensation. Additionally, the magistrate judge did not abuse his discretion denying the Secretary's request for injunctive relief. Therefore, we AFFIRM the final judgment of the Honorable Jack Sherman, Jr., United States Magistrate Judge for the Southern District of Ohio, Western Division.
 
 
 
 [1]
 We note that Pierce, proceeding pro se, cannot represent PPI. A corporation must be represented by legal counsel and cannot proceed pro se. Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir.1984). It is insufficient that the person attempting the representation is an officer of corporation. Ginger v. Cohn, 426 F.2d 1385, 1386 (6th Cir.1970). Because Pierce is not a lawyer, has not retained counsel and is proceeding pro se, he cannot represent PPI on appeal. Accordingly, the only appellant before the court is Pierce
 
 
 [2]
 Pierce cites FLSA Amendments of 1947, 29 U.S.C. Sec. 251 et seq. and the Family and Medical Leave Act of 1993, 29 U.S.C. Sec. 2601 et seq