**Terry WIMBERLY and God First Mentality Incorporated, Plaintiffs–Appellants,**

v.

**EMBRIDGE, Microsoft Corporation, and Jeff Appel, Defendants– Appellees.**

**No. 03–1737.**

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Terry Wimberly, Albion, MI, pro se.

Before BOGGS, Chief Judge;  GUY, Circuit Judge;  and HOOD, District Judge.*

### ORDER

Terry Wimberly and God First Mentality Incorporated, proceeding pro se, appeal a district court judgment dismissing their civil action.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wimberly filed a document styled "2003 Civil Complaint" on letterhead of God

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

First Mentality Incorporated, whose motto is "We Binarily Interface Demonism." Alleging that he had been a victim of software piracy, Wimberly included a copy of his copyright application for "Wuciferism," in which he said that his thoughts were being intercepted. Wimberly's complaint and attachments also contained miscellaneous references to a worker's compensation claim, litigation in Michigan courts, and his inability to open a bank account. The district court granted Wimberly pauper status and concluded upon its initial screening that "no reasonable person could be expected to decipher Wimberly's allegations." Thus, the action was sua sponte dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Wimberly tendered a post-judgment "Motion to Summons Constitutional Relief," but the district court rejected the pleading because the case had been closed.

In his timely appeal, Wimberly essentially reasserts his claims, notes that the "case has exceeded 79,063 hours of exploitation on [his] central nervous system/intellectual property," and argues that the district court should have accepted his last pleading.

 As an initial matter, we note that this appeal may proceed only to the extent that Wimberly is proceeding on behalf of himself. A corporation, such as God First Mentality Incorporated, must be represented in court by an attorney and may not be represented by an officer. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir.1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir.1970).

Upon de novo review, we conclude that the district court's judgment must be affirmed. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319,

325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim is factually frivolous when it is based on fanciful factual allegations; claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *Id.* at 325, 327–28, 109 S.Ct. 1827. Wimberly's complaint clearly meets these criteria.

We construe Wimberly's post-judgment pleading as a post-judgment motion to amend his complaint, primarily to add more attachments. We conclude that the district court did not err by denying the motion because the court had no discretion under the Prison Litigation Reform Act to permit Wimberly to amend the complaint. *See McGore*, 114 F.3d at 612.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.