**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0814n.06

No. 10-2301

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| PAUL G. MERKLINGER; BRIAN J. MERKLINGER, Relief Defendant, | ) ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendants-Appellants, | ) ) | |
| and | ) ) | |
| ENCORE ASSOCIATED LEASING LLC, | ) ) | |
| Defendant. | ) ) | |

**FILED**

*Jul 30, 2012*

LEONARD GREEN, Clerk

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM.  Paul G. Merklinger appeals the district court's final judgment by default in favor of the United States Securities and Exchange Commission (SEC) in this action for securities fraud.  We affirm.

The SEC filed a complaint against Merklinger and Encore Associated Leasing LLC (EAL) as defendants and Brian J. Merklinger, Merklinger's son, as a relief defendant, alleging violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. The SEC alleged that Merklinger fraudulently raised at least $7.2 million from investors by making false and misleading representations in the offer and sale of securities in EAL, a company formed, owned, and controlled by Merklinger that was purportedly in the business of collecting, shredding, and recycling used tires. The SEC sought disgorgement of the defendants' ill-gotten gains as well as civil penalties.

When the defendants failed to plead or otherwise defend against the complaint, the SEC moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a). The district court granted the SEC's motion, and the clerk entered the defendants' default. Merklinger filed a pro se motion to set aside the default. The district court granted the motion, setting aside the default to allow Merklinger to file a motion to dismiss under Rule 12(b)(6) based on his defense that the EAL investments did not constitute "securities" under federal securities law. Merklinger filed a motion for reconsideration, asserting that the entry of default should be set aside without any conditions; the district court denied his motion.

Merklinger filed a pro se motion to dismiss, purportedly brought by EAL and Merklinger "in his capacity as President and CEO of EAL." The district court denied the motion to dismiss, concluding that Merklinger lacked standing to bring the motion on behalf of EAL.

After the district court's denial of the Rule 12(b)(6) motion, Merklinger failed to file a timely answer. Consequently, the district court granted the SEC's motion to reinstate the clerk's entry of default against him. The SEC then moved for entry of default judgments against the defendants pursuant to Rule 55(b)(2). Following a hearing, the district court granted the SEC's motion and entered final judgments by default against the defendants.

This timely appeal followed. Merklinger contends that: (1) the district court abused its discretion in limiting his relief from the entry of default by only allowing him to file a Rule 12(b)(6) motion to dismiss and (2) the district court erred in summarily dismissing his Rule 12(b)(6) motion for lack of standing.

We review for abuse of discretion the district court's decision whether to set aside an entry of default under Rule 55(c). *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003). The district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Under the "good cause" standard of Rule 55(c), "the district court enjoys considerable latitude" to grant a defendant relief from a default entry. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "In determining whether good cause exists, the district court must consider: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (internal quotation marks and brackets omitted).

Here, the district court found that the culpability factor did not weigh in Merklinger's favor, noting that his pro se motion demonstrated his understanding of the legal process and what he had to do to respond to the complaint, and that he had attempted to avoid the lawsuit by failing to give his correct address. As for the other two factors, the district court determined that the SEC failed to demonstrate prejudice and that Merklinger claimed to have a meritorious defense. After considering these three factors, the district court found that setting aside the entry of default was "in the interest of substantial justice." The district court, however, limited Merklinger's relief, setting

aside the default to allow him to file a Rule 12(b)(6) motion regarding his defense that the EAL investments did not constitute "securities" under federal securities law.

Merklinger now contends that the district court abused its discretion in placing this condition on setting aside the entry of default. Merklinger asserts that he has other defenses available and that the district court, in considering his culpability, ignored the documentation of his medical issues and improperly attributed him with malicious intent for failing to respond timely. Merklinger's arguments lack merit because the district court's condition on setting aside the entry of default did not preclude him from raising other defenses or from otherwise defending against the SEC's claims. In the order denying Merklinger's motion for reconsideration, the district court specifically stated that Merklinger could raise other defenses in addition to his claim that the investments in EAL did not constitute "securities." More importantly, nothing in the district court's orders foreclosed Merklinger from filing an answer to the complaint after the district court denied the Rule 12(b)(6) motion. We can discern no abuse of discretion.

We review de novo the district court's determination that Merklinger lacked standing to file the motion to dismiss on behalf of EAL. *See Lynch v. Leis*, 382 F.3d 642, 645 (6th Cir. 2004); *United States v. Real Prop. & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 821 (6th Cir. 1999). A corporate officer may not appear in federal court on behalf of the corporation; rather, the corporation must be represented by counsel. *See Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). Accordingly, the district court properly denied the Rule 12(b)(6) motion to the extent that Merklinger brought the motion on behalf of EAL.

The district court construed the motion to dismiss as brought only on behalf of EAL and not on behalf of Merklinger personally, relying on the motion's opening paragraph: "NOW COMES, ENCORE ASSOCIATED LEASING, LLC. ('EAL'); and Defendant Paul Merklinger in his capacity as President and CEO of EAL, in his/its/their reply to the Civil Suit Case No. 2:08-cv-13184 brought by the UNITED STATES SECURITIES AND EXCHANGE COMMISSION against the above named Defendants and Relief Defendant . . . ." According to the district court, Merklinger brought the motion only in his representative capacity "as President and CEO of EAL." We note that pro se filings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Regardless of whether Merklinger personally brought the Rule 12(b)(6) motion, the district court properly denied the motion because the SEC alleged sufficient facts to show that the investments at issue were "securities." *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002) ("[W]e may affirm on any grounds supported by the record even if different from the reasons of the district court.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the complaint, the SEC alleged: "The EAL investments each consisted of: (1) an individual limited liability company ('LLC') priced at $500,000, whose sole asset was to be a single 'T2' tire collecting/shredding truck ('T2 shredding truck'), which EAL could repurchase for $1 after five years, and (2) a $10,000 warrant which the investor could exchange for a 1% unit in EAL after a five-year period." The SEC's complaint further alleged that the offering materials described these investments as "securities."

In the motion to dismiss, Merklinger did not dispute that the warrant constituted a "security" under federal securities law. *See* 15 U.S.C. §§ 77b(a)(1), 78c(a)(10). Merklinger instead asserted that the LLC was not a "security" under the investment contract tests set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981). The federal securities laws define "security" as including an "investment contract." *See* 15 U.S.C. §§ 77b(a)(1), 78c(a)(10). Under the *Howey* test, "[a]n investment contract involves (1) an investment of money (2) in a common enterprise (3) with a reasonable expectation of profits to be derived solely from the efforts of others." *SEC v. Prof'l Assocs.*, 731 F.2d 349, 352-53 (6th Cir. 1984). In the complaint, the SEC alleged instances where the investors provided "an investment of money" to Merklinger and EAL, collectively investing over $7.2 million. With respect to a "common enterprise," we have held that there must "be a horizontal relationship between or among investors, with the funds of two or more investors going into a common pool from which all may benefit." *Newmyer v. Philatelic Leasing, Ltd.*, 888 F.2d 385, 394 (6th Cir. 1989). The SEC alleged that Merklinger commingled investors' funds in an EAL bank account and used a portion of those funds on EAL's expenses. As for the third element, the SEC alleged that Merklinger represented that EAL was a "Passive Investment," that "EAL would lease the T2 shredding trucks from the investors and use them to collect and shred used tires from tire and auto retailers," and that "after five years the investors could expect returns on their investments ranging from 57% to 372%." Because the SEC sufficiently alleged that the EAL investments were "securities" under federal securities law, the district court properly denied the motion to dismiss.

For the foregoing reasons, we AFFIRM the district court's final judgment by default.